**HERBSMAN HAFER WEBER & FRISCH, LLP**
Dorothy M. Weber (DW-4734)
494 Eighth Avenue, Suite 600
New York, NY 10001
(212) 245-4580
dorothy@musiclaw.com
*Attorneys for Plaintiffs*
*Bryan Fletcher and Garrett Fletcher*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | |
|---|---|
| BRYAN FLETCHER and<br>GARRETT FLETCHER | Case No.: _____ |
| Plaintiffs, | **COMPLAINT** |
| -against- | |
| WANG AIHUA, BILIMBEK MAKSATBEK<br>UULU, LAN XING GU O, NARGIZ KARIMOVA,<br>LIANG ZHIHAO, QUANZHOU TAIWANESE<br>INVESTMENT ZONE EMOTIONAL TRADING<br>FIRM, HUNAN LEEN CONSULTING SERVICE<br>CO., LTD., CHENG DUH E JUN H AO WANG<br>LUO KE J I YOU X IAN GONG SI and JOHN AND<br>JANE DOES A-Z; and XYZ COMPANIES 1-10, | |
| Defendants. | |

-----------------------------------------------------------------x

Plaintiffs Bryan Fletcher and Garrett Fletcher (collectively, "Plaintiffs"), by their

attorneys, Herbsman Hafer Weber & Frisch, LLP, for their Complaint herein against Wang

AiHua, Bilimbek Maksatbek Uulu, LAN xing GU O, Nargiz Karimova, Liang Zhihao,

Quanzhou Taiwanese Investment Zone Emotional Trading Firm, Hunan Leen Consulting

Service Co., Ltd., Cheng duh E Jun H AO Wang luo KE J i you X Ian gong SI and JOHN

AND JANE DOES A-Z; and XYZ COMPANIES 1-10, (collectively, "Defendants"), allege as

follows:

**NATURE OF THE ACTION**

1.       This action has been filed by Plaintiffs to combat online trademark and copyright infringers and counterfeiters who trade upon Plaintiffs' intellectual property, reputation and goodwill by selling and/or offering for sale Infringing Products. The Defendants create and design internet stores ("Internet Stores") in order to have the consuming public believe that they are selling authorized Rainbow Friends products. Defendants go to great lengths to conceal both their identities and the full scope and interworking of their infringing operations.

2.       Plaintiffs file this action to combat Defendants' infringement of Plaintiffs' trademarks and infringement of its registered copyrighted materials. Plaintiffs have been and continue to be irreparably damaged through consumer confusion of their valuable trademark.

3.       Plaintiffs seek injunctive and monetary relief for acts of federal copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101, *et seq.*, including damages pursuant to the Digital Millennium Copyright Act (the "DMCA"), 17 U.S.C. § 512(f), trademark infringement, unfair competition, and deceptive trade practices under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*., and the statutes and common laws of the State of New York.

4.       This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.,* the Copyright Act 17 U.S.C. §§ 101, *et seq.,* 28 U.S.C. §§ 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.       This Court has personal jurisdiction over the Defendants because the Defendants

transact business within the Southern District of New York and have sufficient minimum contacts with the State of New York. In addition to transacting business within the District, Defendants submitted counter-notifications pursuant to the DMCA, as discussed below, to Amazon.com and, in doing so, Defendants agreed, as required by the DMCA, to submit to the jurisdiction of the federal district court in any judicial district in which Amazon.com can be found. Amazon has offices in New York, New York.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c). Each of the Defendants market and offer their products for sale via Amazon.com, and import and distribute those products in interstate commerce, directly targeting business activities toward consumers in the United States, including New York and within the Southern District of New York, and based upon the submission to jurisdiction included in each of the counter-notifications submitted by Defendants to Amazon.com. Specifically, Defendants are reaching out to do business with New York residents by operating one or more commercial, interactive, Internet Stores through which New York residents can purchase products, including, *inter alia*, toys, plush dolls, figurines, games, housewares, glasses, mugs, clothing, shoes, backpacks, bags, blankets, pillows, books, stationary, bedding, and a wide variety of other goods, using virtually identical reproductions and other derivative works which infringe Plaintiffs' federally registered copyrighted materials and designs, or both (collectively, the "Infringing Products"). Defendants are identifying these infringing products by using Plaintiffs' Rainbow Friends trademark. On information and belief, each of the Defendants has targeted sales from New York residents by operating online stores that offer shipping to the United States, including New York, accepted payment in U.S. dollars and, on information and belief, has sold Infringing Products to residents of New York. Each of the Defendants is committing tortious acts in New York, is engaging in interstate commerce, and has wrongfully caused Plaintiffs substantial

injury in the State of New York.

## THE PARTIES

7.      Plaintiff Bryan Fletcher is an individual who resides in the State of Idaho.

8.      Plaintiff Garrett Fletcher is an individual who resides in the State of Alabama.

9.      Upon information and belief, defendant Wang AiHua is an individual or entity residing in the People's Republic of China, with an address at Room 11, 21st Floor, Unit 1, Building D, Wuhan Living Room Small Convention and Exhibition Center, No. 8, Hongtu Road-(991) Wuhan Dongxihu District 430000, Hubei Province, People's Republic of China 518081. Annexed hereto as **Exhibit A** is true and correct copy of the counter-notice submitted by this defendant, wherein they provide their name and address, in response to Plaintiffs' valid DMCA takedown, together with a true and correct copy of the page of the defendant's Amazon.com Internet Store containing the infringing product.

10.      Upon information and belief, Bilimbek Maksatbek Uulu is an individual or entity residing in Kyrgyzstan, with an address at Kyrgyzstan, 720016 Bishkek Motuke uulu Jakypbai 57/b. Annexed hereto as **Exhibit B** is true and correct copy of the counter-notice submitted by this defendant, wherein they provide their name and address, in response to Plaintiffs' valid DMCA takedown, together with a true and correct copy of the page of the defendant's Amazon.com Internet Store containing the infringing product.

11.      Upon information and belief, LAN xing GU O is an individual, entity, corporation or a limited liability company duly organized and existing or residing under the laws of the People's Republic of China, with an address at Room 188, 1ˢᵗ  Floor,  No. 28, Shishan Road, Xiamen Area, Pilot Free Trade Zone, Xiamen City, Fujian Province. Annexed

hereto as **Exhibit C** is true and correct copy of the counter-notice submitted by this defendant, wherein they provide their name and address, in response to Plaintiffs' valid DMCA takedown, together with a true and correct copy of the page of defendant's Amazon.com Internet Store containing the infringing product.

12.     Upon information and belief, Nargiz Karimova is an individual or entity, residing in Kazakhstan, with an address at Kazakhstan, 050000 Almaty, Almaty, Sagdieva St. 105. Annexed hereto as **Exhibit D** is true and correct copy of the counter-notice submitted by this defendant, wherein they provide their name and address, in response to Plaintiffs' valid DMCA takedown, together with a true and correct copy of the page of defendant's Amazon.com Internet Store containing the infringing product.

13.     Upon information and belief, Liang Zhihao is an individual or entity residing in the People's Republic of China, with an address at Great World to Nanda Road Nanyue Street Liu Lane 4 Hao 501 Guangzhou is Guangdong Province 511430. Annexed hereto as **Exhibit E** is true and correct copy of the counter-notice submitted by this defendant, wherein they provide their name and address, in response to Plaintiffs' valid DMCA takedown, together with a true and correct copy of the page of defendant's Amazon.com Internet Store containing the infringing product.

14.     Upon information and belief, Quanzhou Taiwanese Investment Zone Emotional Trading Firm is an entity, corporation or a limited liability company duly organized and existing or residing under the laws of the People's Republic of China with an address at Shangtang Village, Zhangban Town, Quanzhou Taiwanese Investment Zone, Hui'an County, Quanzhou is Fujian Province 362123. Annexed hereto as **Exhibit F** is true and correct copy of the counter-notice submitted by this defendant, wherein they provide their name and address, in response

to Plaintiffs' valid DMCA takedown, together with a true and correct copy of the page of the defendant's Amazon.com Internet Store containing the infringing product.

15.     Upon information and belief, Hunan Leen Consulting Service Co., Ltd. is an entity, corporation or a limited liability company duly organized and existing or residing under the laws of the People's Republic of China, with an address at Xiaohang Hunan God Dangui Garden, Yiling Avenue, Lufeng Town, Xupu County, Huaihua City 1 East 2 Hope 1508. Annexed hereto as **Exhibit G** is true and correct copies of two (2) counter-notices submitted by this defendant, wherein they provide their name and address, in response to Plaintiffs' valid DMCA takedown, together with a true and correct copy of the pages of defendant's Amazon.com Internet Stores containing the infringing product.

16.     Upon information and belief, Cheng duh E Jun H AO Wang luo KE J i you X Ian gong SI is an individual, entity, corporation or a limited liability company duly organized and existing or residing under the laws of the People's Republic of China, with an address at No. 504-262, 5th Floor, Building 1, No.1 SHA Play Road, Jinniu Chengdu City Sichuan province 610036. Annexed hereto as **Exhibit H** is a true and correct copy of the counter-notice submitted by this defendant, wherein they provide their name and address, in response to Plaintiffs' valid DMCA takedown, together with a true and correct copy of the page of defendant's Amazon.com Internet Stores containing the infringing product.

17.     Upon information and belief, Defendants identified as various JOHN DOES and JANE DOES are various individuals and entities conducting business at various locations in the State of New York and elsewhere who are engaging in infringing conduct, including but not limited to manufacturing, importing, distributing, warehousing, or selling Infringing Products in this District and throughout the United States, and are present in and/or doing business in the

State of New York and subject to the jurisdiction of this Court. The identities of the various JOHN DOES and JANE DOES Defendants are not presently known and the Complaint herein will be amended to include the name or names of these individuals when such information becomes available (each a "Doe" and collectively "Does").

18.     Upon information and belief, Defendants, the XYZ COMPANIES, through their agents, servants, and employees, are conducting business at various locations in the State of New York and elsewhere engaging in infringing conduct, including but not limited to manufacturing, importing, distributing, warehousing, or selling Infringing Products in this District and throughout the United States, and are present in and/or doing business in the State of New York and subject to the jurisdiction of this Court (each a "Defendant Company" and collectively, "Defendant Companies").

## PLAINTIFFS' BUSINESS

19.     The Plaintiffs created Rainbow Friends in 2021 and, when it launched, immediately became an enormously successful online video game experience and a global phenomenon. Rainbow Friends is carried exclusively on www.roblox.com ("Roblox"),[1] the premier online gaming platform.

20.     Out of more than 29 million games that are live on the Roblox platform since its launch, Rainbow Friends has consistently performed as a top-twenty game.[2] Rainbow Friends

---

[1] Over the past two decades, Roblox, now a 22.06 billion dollar company, has developed one of the top online platforms for games and other experiences. The success of Roblox's platform is based on its innovative, groundbreaking technology and content that Roblox provides to its users and developers for use on the platform. As of the three (3) months ending on September 30, 2022, there were, daily, 58.8 million active users and 13.4 billion engagement hours. Roblox users include half of children under 16 in the United States who come to Roblox to play, learn, explore and expand their relationships in 3D digital simulations like Rainbow Friends.

[2] Its top-twenty ranking is based on player popularity and earning results.

is actively played each day by gamers from 180 countries throughout the World.

21.     That Rainbow Friends has acquired secondary meaning is beyond dispute. It has the distinction of being one of the fastest growing video games ever, reaching over one billion plays within months of the game going live.

22.     In addition to its online gaming presence, a variety of authorized Rainbow Friends products are available to the purchasing public, including, *inter alia*, apparel, household items such as bathroom products, blankets, pillows, stationery, notebooks, stickers, phone cases, tote bags and backpacks.

<u>**THE COPYRIGHTED MATERIALS**</u>

23.     Plaintiffs own U.S. Copyright Registration No. PA 2-377-605 issued by the Register of Copyrights on October 31, 2022, covering the unique and innovative layout, design, and materials, including its characters Blue, Green, Orange, Pink, Purple and the Scientist, that it uses on and in connection with its Rainbow Friends brand products (the "Rainbow Friends Copyright"). A true and correct copy of the U.S. federal copyright registration certificate for the design of the Rainbow Friends game and characters, together with the deposit copies of the images, is attached hereto as **Exhibit I** (the "Copyrighted Material"):



Blue



Green



The Scientist



Orange



Pink



Purple

24.     Plaintiffs own all right, title and interest in and to the Rainbow Friends Copyright and Copyrighted Material, which constitute original and copyrightable subject matter under the U.S. Copyright Act.

25.     Among the exclusive rights granted to Plaintiffs under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Rainbow Friends Copyrighted Material to the public.

26.     Plaintiffs have duly complied with all relevant requirements of the U.S. Copyright Act with respect to the Rainbow Friends Copyright.

## THE RAINBOW FRIENDS TRADEMARK

27.    Plaintiffs own the trademark rights in and to the mark "Rainbow Friends" (the "Mark"). The Mark is inherently distinctive, as a result of broad media exposure, and the sale and promotion of the authorized Rainbow Friends game. As is common in the industry, Rainbow Friends has many authorized products in development and are selling a wide variety of products online (the "Authorized Rainbow Friends Products").

28.    Even during the relatively short period of time since its release, the Mark has also acquired distinctiveness, and has developed a strong secondary meaning among consumers and the trade, such that consumers immediately identify Plaintiffs as the exclusive source of the products bearing the Marks, signifying goodwill of incalculable value.

29.    As a result of this, strong common law trademark rights have amassed in the Marks. Plaintiffs' use of the Marks has also built substantial goodwill in and to the Marks. The Marks are a valuable asset of Plaintiffs.

30.    Multiple Rainbow Friends Trademark applications are currently pending at the United States Patent and Trademark Office including:

| Serial Number | Trademark | Goods and Services |
|---|---|---|
| 97658222 | Rainbow Friends | **Class: 41:**  §1(a) - Entertainment services, namely, providing online multiplayer video games |
| 97680599 | Rainbow Friends | **Class 25:**  §1(a) - Clothing and headgear, namely hoodies, t-shirts, shorts, hats, socks, sandals<br><br>§1(b) - Clothing and headgear, namely, shirts, ties, pants, sweaters, baseball caps, jackets, coats, sweatshirts, sweatpants, undershirts, underwear, pajamas, belts, caps, vests, scarves, gloves; footwear, namely, |

| | | |
|---|---|---|
| | | shoes, and athletic shoes; pajamas; headwear; leather belts; bolo ties with precious metal tips |
| 97680726 | Rainbow Friends | **Class 03:** §1(b) - Bleaching preparations for laundry use; fabric softeners for laundry use; general purpose cleaning, polishing, degreasing and abrasive preparations; soaps; perfumery, essential oils, cosmetics, hair lotions; dentifrices; aftershave lotions; antiperspirants; essential oils for use in aromatherapy; baby oil; baby wipes; bath gels; bath powder; blush; body creams, lotions, and powders; breath fresheners; bubble bath; eau de cologne; personal deodorants; cosmetic powders for the face, hands and body; essential oils for personal use; eye liner; eye shadows; eyebrow pencils; face powder; face creams; facial lotions; facial masks for cosmetic purposes; facial scrubs; room fragrances incorporating wicks; fragrances for personal use; hair gels; hair conditioners; hair shampoo; hair mousse; hair cream; hair spray; hand cream; hand lotions; soaps for the hand; lip balm; lipsticks; lip gloss; liquid soaps; make-up; mascara; non-medicated mouthwash; nail care preparations; nail enamel; nail hardeners; nail polish; perfumes; potpourri; scented room sprays; shaving creams; skin soap; talcum powder; eau de toilette; skin creams; skin moisturizers; sun blocking preparations; non-medicated sun care preparations; lipstick holders; Bleaching preparations and other substances, namely, laundry soap, laundry detergent for laundry use; general purpose cleaning, polishing, and abrasive liquids and powders; lotions for skin, hair, face, and baby. |
| 97680690 | Rainbow Friends | **Class 05:** §1(b) - Materials for dressings, namely, gauze; medical plasters; portable filled medicine cases, namely, first aid kits; baby food; vitamins for children; herb teas for medicinal purposes; disinfectants for hygiene purposes |

| 97680462 | Rainbow Friends | **Class 08:** §1(b) - Tableware, namely, knives, forks and spoons; cutlery, namely, knives, forks and spoons. |
|---|---|---|
| 97680997 | Rainbow Friends | **Class 09:** §1(a) - Cell phone cases<br><br>§1(b) - Computer game cartridges; computer game discs; recorded computer game software; downloadable computer game software for use on mobile and cellular phones; computer keyboards; computer mice; computer stylus; decorative magnets; downloadable computer and video game programs; downloadable computer game software, downloadable video game software; computer game software and video game software downloadable from a global computer network; downloadable interactive multimedia video game and computer game programs; headphones; headsets for use with computers; in-ear headphones; downloadable computer game software for use with personal computers, recorded computer game software for use with personal computers, computer mouse, ear buds; encoded magnetic cards, namely, magnetically encoded credit cards and magnetically encoded gift cards; eyewear, sunglasses, eyeglasses, eyeglass frames, eyeglass cases, loudspeakers, virtual reality headsets, mouse pads, protective films adapted for smartphones, cases for smart phones, sleeves for laptops, covers for tablet computers, protective eyewear, cell phone straps |
| 97680432 | Rainbow Friends | **Class 12:** §1(b) - Vehicles, namely, strollers, push bikes; bicycles and parts therefor, namely, seats, brakes, chains, handle bars; scooters; perambulators; safety seats for children for vehicles; boats, in particular rubber dinghies; trailers; vehicular balloons, namely, air balloons; boats; side cars; saddle covers for bicycles or motorcycles; tricycles; mechanical anti-theft devices for vehicles; shopping carts; electric vehicles, namely, toy cars; rims for bicycle wheels, chains, bells, baskets, handle bars, wheel hubs, dress guards, pedals, pumps, frames, tires, saddles |

| | | |
|---|---|---|
| | | and/or bags for bicycles; direction indicators for vehicles, in particular for bicycles, namely, wind sleeves; repair outfits for inner tubes, namely, patches; luggage racks and/or bags for vehicles, namely, for two-wheeled vehicles; horns, in particular for automobiles; carts; motorcycles and mopeds; stroller covers; hub caps; tires, solid, for vehicle wheels; wheelchairs; rear view mirrors; sleighs for transport purposes; snowmobiles; fitted seat covers for vehicles; wheelbarrows; bicycle stands. |
| 97680956 | Rainbow Friends | **Class 16:**   §1(a) - Spiral-bound notebooks; printed stickers<br><br>§1(b) - Printed publications, namely, books, booklets, drawing and coloring books, comic books, magazines, activity books, song books, all in the field of pre-school aged children's education and entertainment; stationery, notebooks and writing pads, calendars, pens, pencils and crayons, pen and pencil cases; arts and craft finger paint kits; modeling compounds; re-usable and air-drying compounds for modeling; printed instructional and teaching material in the field of pre-school aged children's education and entertainment; printed paper tablecloths and printed paper mats; printed postcards and printed greetings cards; Paper; cardboard; goods made from paper or cardboard, namely, books, booklets, drawing and coloring books, comic books, magazines, activity books and song books, all in the field of preschool aged children's education and entertainment; photographic products, namely, photographic prints; printed matter, namely, printed paper napkins, iron-on and plastic transfers, pamphlets, books, newspapers, periodicals, magazines, brochures, catalogues and promotional pamphlets, all in the field of children's education and entertainment; book binding materials; sheet music; telephone calling cards and credit cards, without magnetic coding; chromolithographs; photographs; |

| | | |
|---|---|---|
| | | pictures; graphic representations; printed instructional and teaching material in the field of preschool aged children's education and entertainment; posters; greeting cards; postcards; cards; transfers and stickers; photograph albums; collectors' albums in the nature of stamp albums; stationery products, namely, envelopes; adhesive tapes for household decoration and stationery purposes; artists' materials, namely, pens, pencils and crayons, pen and pencil cases; molds for modeling clays; drawing, painting and modelling goods, namely, modeling compounds; reusable and air-drying compounds for modeling, arts and craft finger paint kits; drawing and painting implements, namely, square rulers; paintbrushes; adhesives and adhesive strips for stationery or household purposes; typewriters; office requisites, namely, rubber bands; printed instructional and teaching material in the field of literacy and math; diaries; bookmarks; kitchen towels of paper; paper towels; geographical maps; maps; beer mats, namely, coasters of paper or cardboard; address stamps; loose-leaf binders for office use; paper file jackets; paper napkins; sheets of reclaimed cellulose for wrapping; filter paper; paper and cardboard containers; paper and cardboard pouches for packaging; paper and cardboard bags for packaging; absorbent sheets of paper for foodstuff packaging; plastic bags, film, foil for packaging; printers' type; printing blocks; adhesive tapes for stationery or household purposes; letter openers of precious metal. |
| 97680758 | Rainbow Friends | **Class 18:**  §1(a) - Tote bags, backpacks, fanny packs<br><br>§1(b) - Animal skins, hides; trunks and travelling bags; all-purpose carrying bags, purses, umbrellas, parasols, walking sticks; whips, harnesses and saddlery; rucksacks; luggage; luggage tags; overnight bags; change purses; satchels; waist pouches; wallets; duffel bags, book bags, sports bags, |

| | | |
|---|---|---|
| | | diaper bags, key bags, school bags and wheeled bags; cosmetic bags sold empty; handbags; canvas bags, leather bags, mesh and textile shopping bags; leather and imitation leather bags |
| 97680941 | Rainbow Friends | **Class 20:**  §1(a) - Novelty pillows; decorative pillows<br><br>§1(b) - Furniture, mirrors, picture frames; goods of wood, cork, reed, cane, wicker, shell, amber, mother-of-pearl, meerschaum and substitutes for all these materials, namely, drawer pulls; air mattresses for use when camping; bassinets; beds; benches; bookcases; cabinets; chairs; coat racks; computer furniture; computer keyboard trays; cots; couches; decorative mobiles; desks; figurines and statuettes made of bone, plaster, plastic, wax, or wood; flagpoles; footstools; hand fans; hand-held mirrors; lawn furniture; love seats; magazine racks; mattresses; non-Christmas ornaments made of plaster, plastic, wax or wood; ottomans; pedestals; pillows; plant stands made of wire and metal; decorative wall plaques made of plastic or wood; plastic name badges being decorative articles; plastic novelty license plates; plastic cake decorations; sleeping bags; tables; toy boxes; umbrella stands; venetian blinds; wind chimes being decorative articles |
| 97680881 | Rainbow Friends | **Class 21:**  §1(a)  -  Coffee cups and mugs<br><br>§1(b)  - Household or kitchen utensils and containers, not of precious metal or coated therewith, namely, pots, pans, pot, lids, beverage glassware, goods of porcelain and earthenware, included in this class, namely, pots, pans, lids, cocktail shakers, butter dishes, lunch boxes, cafetieres, ceramics for household purposes, namely, vases, drinking vessels, bowls, plates and pots, small hand-operated household and kitchen utensils and containers, not of precious metal or coated therewith, namely, skimmers, turners, strainers, graters, sieves, cookware, namely, pots and pans, corkscrews, glass kitchen jars, |

| | | |
|---|---|---|
| | | trays for domestic purposes, dinnerware and tableware, namely, tea services; tea pots; combs and sponges for household purposes; brushes for washing up; brush-making materials; articles for cleaning purposes, namely, sponges, cloths; steel wool; unworked or semiworked glass, except glass used in building; all the aforesaid goods included in this class; candle snuffers of precious metal; household or kitchen utensils, namely, pots, pans, lids for pots and pans, pot and pan scrapers, rolling pins, spatulas, turners and whisks; household and kitchen containers; non-electric cafetieres; ceramics for household purposes, namely, vases, vessels, bowls, plates and pots; small hand-operated household and kitchen utensils, namely, skimmers, turners, strainers, graters, sieves; household and kitchen containers; cookware, namely, pots and pans; non-electric cooking utensils, namely, wire baskets; corkscrews; serving strays; dinnerware; tea pots; combs; hair brushes; candlesticks not of precious metal; gloves for household purposes; oven cleaning cloths; barbecue mitts |
| 97680826 | Rainbow Friends | **Class 24:**  §1(a) - Fleece blankets, shower curtain, beach towels<br><br>§1(b) - Textiles and textile goods, namely, banners, flags, coasters, labels for identifying clothing, quilts, hang tags, wall hangings, bed covers; table covers, namely, textile and plastic tablecloths; afghans; bath linen; blanket, throws; bed canopies; bed linen; bed sheets; bed skirts; bed spreads; blanket throws; calico; bed, sofa and children's blankets; cloth coasters; cloth doilies; cloth flags; cloth pennants; duvets; curtains; fabrics that may or may not have printed patterns and designs thereon for use in textile applications, namely, the manufacture of flags; felt pennants; golf towels; towels; handkerchiefs; hooded towels; household linen; kitchen towels; pillowcases; quilts; baby blankets; silk blankets; table linen; textile napkins; |

| | | |
|---|---|---|
| | | textile place mats; table napkins of textile; face cloths, fabric flags; banners and flags of textile. |
| 97680906 | Rainbow Friends | **Class 27:**   §1(a) - Bath mats<br><br>§1(b) - Carpets; rugs; car floor mats; gymnastic mats; plastic floor coverings; wall hangings, not of textile; wallpaper |
| 97557536*<br><br><br>*by assignment filed November 17, 2022 | Rainbow Friends | **Class 28:** §1(a) - Electric action toys; Plastic character toys; Plush toys; PVC toy figures; Rubber character toys; Stuffed and plush toys; Stuffed toys; Toy animals; Toy figures; Toy models. |
| 97681008 | Rainbow Friends | **Class 28:**   §1(b) ⁻ Games, playthings and toys, namely, travel games, travel board games, handheld non-electronic skill games, tabletop games, role playing games, trivia and question and answer games played with cards and game components, chess games, card games, yo-yos, action skill games, dice games, target games, hand held unit for playing electronic games, hand held unit for playing video games, hand held games with liquid crystal displays; electronic and nonelectronic puzzles and puzzle games; hand-held, tabletop, and travel size jigsaw puzzles; hobbydolls and toys, namely, articulated and non-articulated dolls, toy figures, modeled plastic toy figurines, bendable toys and action figures; stuffed and plush toys; plush dolls, toy bean bags; and cloth toys, namely, dolls; toy costume masks; puppets; corrugated playhouses; roller-skates; toy scooters; scale model toy vehicles; wooden toy vehicles; die cast toy vehicles; playing cards and card games; gymnastic and sporting articles, namely, horizontal bars; decorations for Christmas trees, except illumination articles and confectionery; action figures and accessories therefor; board games; badminton sets; balloons; basketballs; bath toys; baseballs; beach balls; bean bag dolls; toy building blocks; bowling balls; chess sets; Christmas stockings; collectable toy figures; crib mobiles; crib toys; tossing |

| | | |
|---|---|---|
| | | disc toys; dolls; doll clothing; accessories for dolls; doll playsets; electric action toys; equipment sold as a unit for playing card games; fishing tackle; golf balls; golf gloves; golf ball markers; playground balls for games; hockey pucks; inflatable toys; puzzles; jump ropes; kites; magic tricks; marbles; manipulative games; mechanical toys; music box toys; musical toys; parlor games; party games; soft sculpture toys; puppets; roller skates; rubber action balls; skateboards; soccer balls; spinning tops; squeeze toys; table tennis tables; teddy bears; tennis balls; toy action figures; toy bucket and shovel sets; toy mobiles; toy vehicles; toy scooters; toy cars; toy model hobbycraft kits; toy figures; toy banks; toy trucks; toy watches; wind-up toys; water-wings; swimming belts; video game machines for use with external display screens or monitors only; amusement apparatus adapted for use with television receivers only; handheld games, travel size electronic games, activity games and playthings, namely, trivia and question and answer games |
| 97680285 | Rainbow Friends | **Class 29:**  §1(b) - Meat, fish, poultry and game, not live; meat extracts; preserved, frozen, dried and cooked fruits and vegetables; jellies, jams, compotes; eggs; milk; milk products excluding ice cream, ice milk and frozen yogurt; edible oils and fats |
| 97680233 | Rainbow Friends | **Class 30:**  §1(b) - Coffee; tea; cocoa; sugar; rice; tapioca; sago; artificial coffee; flour; preparations made from cereals, namely, breakfast cereals, cereal bars, cereal based snack food, ready-to-eat cereals; bread; pastry; confectionery, namely, candy; flavored ices; confectionery made of sugar; fruit ices; honey; treacle; yeast, baking-powder; salt; mustard; vinegar; sauces, condiments, namely, chutneys, food condiments consisting primarily of ketchup and salsa, savory sauces used as condiments; spices. |
| 97680142 | Rainbow Friends | **Class 32:**  §1(b) - Beers; mineral, and aerated waters, and other non-alcoholic |

| | | |
|---|---|---|
| | | beverages, namely, lemonade; fruit beverages, and fruit juices; syrups for making non-alcoholic fruit juice beverages; powders for making fruit-based beverages; and other preparations for making beverages, namely, fruit drinks, lemonade. |
| 97680094 | Rainbow Friends | **Class 35:**   §1(b) - Product merchandising; sales promotion, for others, in particular marketing and promotion of goods and services of all kinds, including via online portals; online retail store services featuring audio, audiovisual, musical, multimedia and video content and associated merchandise. |
| 97680058 | Rainbow Friends | **Class 38:**   §1(b) - Telecommunication services, namely, transmission of voice, data, graphics, images, audio and video by means of broadband optical or wireless networks; providing voice chat services and chat rooms on the internet; internet provider services, namely, the leasing and arranging of access time to data networks, in particular to the internet; hotline or call center telephone services; providing press services in connection with online services, namely, the gathering, supplying and transmission of messages and information of all kinds, being online press agency services, including on-demand services and other electronic media services; providing access to the internet; telecommunications, in particular computer-aided electronic information and communication services, included in this class, for public and private users, namely, computer-aided transmission of information and images; sound, image and data transmission by cable, satellite, computer, computer network, telephone, ISDN and DSL lines; radio and television broadcasting; news and general information agencies, being press agency servicers, including electronic agencies, and broadcasting of television and radio programs on the World Wide Web, and broadcasting of television and radio programs by cable, satellite and other media; internet provider services; providing access to computer databases, in particular on the |

| | | |
|---|---|---|
| | | internet and/or intranets; providing access to licensed content on the internet by means of content syndication for customers; providing access to computer programs on data networks. |
| 97680339 | Rainbow Friends | **Class 14:**   §1(b) - Precious metals and their alloys and goods of precious metals or coated therewith, namely, boxes, charms, key rings, figures, figurines, holiday ornaments, jewelry cases, key chains, ornamental pins, ornaments of precious metal in the nature of jewelry, picture frames; jewelry, precious stones; horological and chronometric instruments; alarm clocks; bracelets; busts of precious metal; pendants; clocks; earrings; jewel cases of precious metal; jewelry chains; key rings of precious metal; lapel pins; necklaces; necktie fasteners; non-monetary coins; ornamental pins; rings; stopwatches; tie clips; tie pins; wall clocks; watch straps; watch cases; watch chains; watches; wedding bands; jewelry boxes not of metal; key fobs not of metal. |

31.     As set forth above, Plaintiffs have bridged the gap and will likely continue to bridge the gap into multiple areas of products and service categories.

32.     The Mark is particularly distinctive when applied to the Authorized Rainbow Friends Products, signifying to the purchaser that the products come from Plaintiffs and are manufactured to Plaintiffs' quality standards. Whether Plaintiffs manufacture the products themselves or license others to do so, Plaintiffs have ensured that products bearing the Mark are manufactured to the highest quality standards.

33.     The launch of Rainbow Friends was supported by widespread advertising on the Roblox.  Well-known gamers and influencers were invited to play and review Rainbow Friends which lead to it becoming one of the most reviewed and acclaimed Roblox games.  These reviews can be found on YouTube, the social media site that most Roblox users go to discover

the best new games. Rainbow Friends has also been the subject of extensive unsolicited publicity. For example, dozens of Rainbow Friends-related videos are found on YouTube attracting hundreds of millions of views.

34.     As a result, products bearing the Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Plaintiffs. As such, the goodwill associated with the Marks is of incalculable and inestimable value to Plaintiffs.

35.     The Rainbow Friends Copyrights and Marks are hereinafter collectively referred to as the "Rainbow Friends Property."

## DEFENDANTS' UNLAWFUL ACTS

36.     Upon information and belief, Defendants are in the business of designing, manufacturing, importing, warehousing, distributing, offering for sale and/or selling various products, via Amazon.com and other marketplace platforms throughout the United States.

37.     Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China, Kyrgyzstan, Kazakhstan or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of New York and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendants' Internet Stores. Each Defendant targets the United States, including New York, and has offered to sell, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of New York.

38.     Defendants deliberately designed, manufactured, imported, advertised,

promoted, purchased, distributed, sold and/or offered for sale, without authorization or license from Plaintiffs, infringing products bearing the Mark and using designs and materials that are identical, substantially similar and indistinguishable from, and confusingly similar to Rainbow Friends Property (the "Infringing Products").

39.     Tactics used by Defendants to conceal their identities and the full scope of their operations make it virtually impossible for Plaintiffs to learn Defendants' true identities and the interworking of their networks.

40.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using different identities, as well as other unknown fictitious names and addresses. Such Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

41.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Internet Stores. For example, Infringing Products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being unauthorized. The Internet Stores also include other notable common features, including accepted payment methods, checkout methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings and similar hosting services

42.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other

common tactics to evade enforcement efforts. For example, infringers such as Defendants will often register new online marketplace accounts under new aliases once they receive a DMCA takedown notice.

43. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiffs' enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

44. Defendants facilitate sales by designing the Internet Stores so that they appear to be authorized online retailers, outlet stores, or wholesalers. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, Western Union, and PayPal.

45. The Defendants' Internet Stores often include content and images that make it very difficult for consumers to ascertain that these are infringing, unauthorized products.

46. Defendants also deceive consumers by using the Marks without authorization within the content, text, and/or meta tags of their online marketplace listings in order to attract consumers searching for Authorized Rainbow Friends Products. Upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for Authorized Rainbow Friends Products. Other Defendants only show the Marks in product images while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Authorized

Rainbow Friends Products.

47.     Defendants, without any authorization or license from Plaintiffs, have knowingly and willfully used and continue to use the Marks and/or copies of the Rainbow Friends Copyrighted Material in connection with the advertisement, distribution, offering for sale, and sale of Infringing Products into the United States and New York over the Internet. Each Defendant Internet Store offers shipping to the United States, including New York, and, on information and belief, each Defendant has sold Infringing Products into the United States, including New York.

48.     Defendants' unauthorized use of the Marks in connection with the advertising, distribution, offering for sale, and sale of Infringing Products, including the sale of Infringing Products into the United States, including New York, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiffs.

49.     As a result, in addition to unlawfully copying and misappropriating Plaintiffs' Rainbow Friends Property, the Infringing Products are likely to cause consumers, either at the point-of-sale or post-sale, to mistakenly believe that the Infringing Products are authorized, sponsored, approved, endorsed and/or licensed by Plaintiffs, or are in some other way affiliated, associated, or connected with Plaintiffs.

50.     Upon information and belief, Defendants were aware of the fact that Plaintiffs' Rainbow Friends Property are original creations of Plaintiffs at the time that Defendants first designed, manufactured, imported, offered for sale, and/or sold the Infringing Products.

51.     In addition, Plaintiffs, upon discovering Defendants' infringing conduct and sale of the Infringing Products on Amazon.com, submitted Notices of Infringement to Amazon.com,

pursuant to and in full compliance with the DMCA, identifying the Defendants' listings that offered the Infringing Products for sale (the "Infringing Listings") and requesting that Amazon.com disable access to the Infringing Listings. A chart encompassing the infringing Amazon Internet Stores who received Notices of Infringement submitted by Plaintiffs is attached hereto as **Exhibit J**.

52.     In response, Defendants, including Wang AiHua, Bilimbek Maksatbek Uulu, LAN xing GU O, Nargiz Karimova, Liang Zhihao, Quanzhou Taiwanese Investment Zone Emotional Trading Firm, Hunan Leen Consulting Service Co., Ltd., Cheng duh E Jun H AO Wang luo KE J i you X Ian gong SI,  have submitted false and fraudulent Counter-Notifications to Amazon.com. In each of its false Counter-Notifications, Defendants knowingly made material misrepresentations to Amazon.com, falsely stating that the Infringing Listings were removed or disabled as a result of mistake or mis-identification and that the products offered by Defendants do not infringe Rainbow Friends Property. *See* **Exhibits A – H.**

53.     Upon receipt of such Counter-Notifications, Amazon.com will restore access to the Infringing Listings in reliance upon Defendants' false Counter-Notifications.

54.     Accordingly, upon information and belief, Defendants have been engaging in the above-described unlawful activities knowingly and intentionally, or with reckless disregard for Plaintiffs' rights in and to the Rainbow Friends Property.

55.     Upon information and belief, Defendants are manufacturing, sourcing, purchasing, supplying, importing, distributing, advertising, promoting, offering for sale and/or selling, and/or are causing to be manufactured, imported, purchased, supplied, distributed, advertised, promoted, offered for sale and/or sold, without authorization or license, the Infringing Products, which are of inferior quality, at prices substantially below the retail prices

at which Plaintiffs' authorized products are sold, in an effort to induce consumers into thinking either that they are purchasing Plaintiffs' authorized products, or in the hope that the Infringing Products will appear to consumers to be Plaintiffs' Authorized products.

56.     Upon information and belief, Defendants intend to continue to manufacture, import, purchase, distribute, advertise, promote, offer for sale and/or sell the Infringing Products, unless otherwise restrained by this Court.

57.     Unless Defendants' conduct is enjoined, such conduct will diminish the value of Plaintiffs' valuable intellectual property rights, and severely inhibit and/or destroy the ability of Plaintiffs' Rainbow Friends Property to identify Plaintiffs as the exclusive source of goods to which they are affixed.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106 and 501)
## (AGAINST ALL DEFENDANTS)

58.     Plaintiffs reallege and incorporate every allegation contained in the preceding paragraphs as though fully set forth herein.

59.     Plaintiffs are the owners of the copyright registration for the Rainbow Friends Copyright which contain certain copyrightable subject matter under 17 U.S.C. §§ 101, *et seq.*

60.     Plaintiffs have complied with the registration requirements of 17 U.S.C. §411(a) for the Rainbow Friends Copyright and has obtained Copyright Registration No. PA 2-377-605.

61.     Defendants do not have any ownership interest in the Rainbow Friends Copyright. Defendants had access to the Rainbow Friends Copyrighted material via the Internet.

62.     Defendants, without authorization from Plaintiffs, or any right under the law,

have deliberately copied and/or made derivative works, displayed, reproduced, designed, manufactured, supplied, imported, purchased, advertised, promoted, distributed, sold and/or offered for sale products and packaging that are slavishly copied from and are virtually identical and/or substantially similar in overall appearance to the Rainbow Friends Copyright material, and are displaying images of the Infringing Products on their online stores.

63. Such conduct infringes and continues to infringe the Rainbow Friends Copyright in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)-(3), (5).

64. Defendants thereby have willfully infringed and, upon information and belief, continue to willfully infringe Plaintiffs' copyright registrations for the Rainbow Friends Copyright.

65. Upon information and belief, by their acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or in equity entitled.

66. Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Plaintiffs' copyright registrations for the Rainbow Friends Copyright and to act in bad faith, unless restrained by this Court.

67. The acts of Defendants have damaged and will continue to irreparably damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA (17 U.S.C. § 512(f))
## (AGAINST ALL DEFENDANTS)

68. Plaintiffs reallege and incorporate every allegation contained in the preceding paragraphs as though fully set forth herein.

69. Defendants knowingly made material misrepresentations in each of the Counter-

Notifications submitted to Amazon.com, including but not limited to the Counter-Notifications attached as **Exhibits A – H** hereto.

70.     Specifically, Defendants made misrepresentations to the effect that the products reflected in the Infringing Listings did not infringe Plaintiffs' rights of copyright.

71.     Plaintiffs have been damaged as a result of Amazon.com's reliance upon Defendants material misrepresentations in each of the Counter-Notifications submitted by Defendants.

72.     As a result, Plaintiffs are entitled to an award of damages, including all costs and attorneys' fees incurred by Plaintiffs, including the costs and fees associated with this action, as a result of Defendants' material misrepresentations in its Counter-Notifications.

**THIRD CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. §1125(a))**
**(AGAINST ALL DEFENDANTS)**

73.     Plaintiffs reallege and incorporate every allegation contained in the preceding paragraphs as though fully set forth herein.

74.     Defendants' promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiffs or the origin, sponsorship, or approval of Defendants' Infringing Products by Plaintiffs.

75.     By using the Rainbow Friends Trademarks on the Infringing Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Rainbow Friends Product.

76.     Defendants' unauthorized use of the Rainbow Friends Trademarks on the

Infringing Products constitutes violations of 15 U.S.C. §1125. Such acts constitute (a) a false designation of origin, (b) a false or misleading description of fact and/or (c) a false and misleading representation of fact resulting in unfair competition with Plaintiffs in that such conduct is likely to cause confusion, mistake or deception, contrary to fact, that the business and products of Defendants are sponsored by, endorsed by or emanate from Plaintiffs or otherwise are connected with Plaintiffs. Such use, therefore, causes irreparable damage and harm to Plaintiffs' goodwill in the Rainbow Friends Marks.

77.     Defendants' wrongful and infringing conduct is willful and intentional.

78.     Defendants' wrongful and infringing conduct has caused and will continue to cause Plaintiffs to suffer damage and injury to their business, reputation and goodwill and to sustain substantial loss of revenues and profits.

79.     Unless enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiffs. Plaintiffs have no adequate remedy at law for Defendants' wrongful acts.

80.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

### FOURTH CLAIM FOR RELIEF
### DECEPTIVE ACTS AND PRACTICES UNDER NEW YORK GENERAL BUSINESS LAW §§ 349 AND 350 (NY GBL §§ 349 AND 350)
### (AGAINST ALL DEFENDANTS)

81.     Plaintiffs reallege and incorporate every allegation contained in the preceding paragraphs as though fully set forth herein.

82.     Plaintiffs enjoy well-established common law rights in and to the Rainbow

Friends Marks in the State of New York, which rights are superior to any rights that Defendants may claim, and Plaintiffs have built significant goodwill in the Rainbow Friends Mark.

83.   The Rainbow Friends Mark has acquired secondary meaning, is inherently distinctive and serves to identify Plaintiffs.

84.   Plaintiffs first adopted and used the Rainbow Friends Mark as a means of establishing goodwill and reputation and to describe, identify or denominate particular goods and services offered by Plaintiffs and to distinguish them from similar goods offered by others. As a result, the Rainbow Friends Mark has acquired secondary meaning.

85.   Defendants have used, in connection with the sale of their Infringing Products, a product design and packaging that is identical or confusingly similar to the Rainbow Friends Mark and which is likely to cause and/or has caused confusion or mistake as to the source, affiliation, connection or association of Defendants' products in that consumers thereof are likely to associate or have associated such products as originating with Plaintiffs, all to the detriment of Plaintiffs.

86.   Through the advertisement, offer to sell and/or sale of the Infringing Products bearing a design and packaging that infringe the Rainbow Friends Mark, Defendants have engaged in consumer-oriented conduct that has directly and/or indirectly affected the public interest of New York and has resulted in injury to consumers of New York.

87.   Defendants' acts as complained of herein are materially misleading to a substantial portion of the consuming public and have deceived and/or are likely to deceive a material segment of the consuming public to whom Defendants have directed Defendants' Infringing Products and such acts have caused injury to Plaintiffs.

88.   Through the acts complained of herein, Defendants have willfully engaged in

deceptive acts or practices in the conduct of business and the furnishing of Defendants' products in violation of NY GBL §§ 349 and 350.

89.     Plaintiffs have no adequate remedy at law.

90.     Plaintiffs have suffered and continue to suffer economic loss directly and proximately caused by Defendants' actions alleged herein.

**FIFTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER NEW YORK STATE COMMON LAW**
**(AGAINST ALL DEFENDANTS)**

91.     Plaintiffs reallege and incorporate every allegation contained in the preceding paragraphs as though fully set forth herein.

92.     Plaintiffs enjoys well-established common law rights in and to the Rainbow Friends Mark in the State of New York, which are superior to any rights that Defendants may claim, and Plaintiffs have built significant goodwill in the Rainbow Friends Mark.

93.     Defendants used, in connection with the sale of their Infringing Products, Marks and indicia that are identical to or confusingly similar to the Rainbow Friends Mark and which are likely to cause and/or have caused confusion or mistake as to the source, affiliation, connection or association of Defendants' products in that consumers thereof are likely to associate or have associated such products as originating with Plaintiffs, all to the detriment of Plaintiffs.

94.     Defendants' acts complained of herein constitute trademark infringement and unfair competition under the laws of the State of New York.

95.     Defendants have been unjustly enriched and have damaged Plaintiffs' business, reputation, and goodwill.

96.     Upon information and belief, Defendants' conduct is intentional, with knowledge, and in bad faith, entitling Plaintiffs to increased damages and attorneys' fees.

97.     Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiffs and, unless restrained, will continue to do so.

98.     Plaintiffs have no adequate remedy at law.

99.     Plaintiffs have suffered and continue to suffer economic loss directly and proximately caused by Defendants' actions alleged herein.

### SIXTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT
### (AGAINST ALL DEFENDANTS)

100.     Plaintiffs reallege and incorporate every allegation contained in the preceding paragraphs as though fully set forth herein.

101.     On information and belief, Defendants have wrongfully received money from third parties that they should not in equity and good conscience retain, on account of their federal and common law trademark infringements, false designations of origin, unfair competition and related acts.

102.     The benefit unjustly received by those Defendants implies a promise, or quasi-contract, to pay those benefits to Plaintiffs.

103.     Plaintiffs have demanded that Defendants stop their infringements and misappropriation of Plaintiffs' marks and business goodwill, and Defendants have refused.

104.     Plaintiffs seek restitution from Defendants consisting of all profits received by those Defendants on account of their violations of Plaintiffs' rights.

**SEVENTH CLAIM FOR RELIEF**
**(CONSTRUCTVE TRUST)**
**AGAINST ALL DEFENDANTS**

105.    Plaintiffs reallege and incorporate every allegation contained in the preceding paragraphs as though fully set forth herein.

106.    By virtue of their wrongful conduct, Defendants illegally received money and profits that rightfully belonged to Plaintiffs.

107.    Defendants are therefore involuntary trustees, holding the gross receipts from their product sales and revenues to the extent attributable to the Infringing Products and therefore attributable to the infringement of Plaintiffs' trademark rights therein. Defendants hold such moneys and funds on behalf of and subject to a first and prior lien against all others and in favor of Plaintiffs. On information and belief, Defendants hold this illegally received money and profits in the form of bank account, real property, and personal property that can be located and traced.

108.    Plaintiffs are entitled to the remedy of a constructive trust in view of Defendants' wrongful infringement of Plaintiffs' trademark rights.

109.    Plaintiffs have no adequate remedy at law.  In addition to the equitable remedies sought herein.  Plaintiffs seek an accounting and constructive trust on all further monies received by Defendants on account of their infringement of Plaintiffs' rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.    That, pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502, Fed. R. Civ. P. 65, and the All Writs Act, 28 U.S.C. § 1651(a), Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in

active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

       a.     using the Rainbow Friends Mark or any reproductions, copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an Authorized Rainbow Friends Product or is not authorized by Plaintiffs to be sold in connection with the Rainbow Friends Marks;

       b.     reproducing, distributing copies of, making derivative works of, or publicly displaying the Rainbow Friends Copyright in any manner without the express authorization of Plaintiffs;

       c.     passing off, inducing, or enabling others to sell or pass off any product as an Authorized Rainbow Friends Product or any other product produced by Plaintiffs, that is not Plaintiffs or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under the Rainbow Friends Marks and/or the Rainbow Friends Copyrights;

       d.     committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

       e.     further infringing the Rainbow Friends Marks and/or the Rainbow Friends Copyrighted Material and damaging Plaintiffs' goodwill; and

       f.     manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be

sold or offered for sale, and which bear any of Plaintiffs Marks, including the Rainbow

Friends Marks, or any reproductions, copies or colorable imitations thereof and/or which bear

the Rainbow Friends Copyrighted Material.

2.      Entry of an Order that, upon Plaintiffs' request, those in privity with

Defendants and those with notice of the injunction, including; without limitation, any online

marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish. com, and

Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, merchant

account providers, third party processors and other payment processing service providers, and

Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party

Providers") shall:

a.      disable and cease providing services being used by Defendants,

currently or in the future, to engage in the sale of goods using the Rainbow Friends

Trademarks and/or which bear the Rainbow Friends Copyrighted Materials;

b.      disable and cease displaying any advertisements used by or associated

with Defendants in connection with the sale of counterfeit and infringing goods using the

Rainbow Friends Marks and/or which bear the Rainbow Friends Copyrighted Materials; and

c.      take all steps necessary to prevent links to the Online Marketplace

Accounts identified on **Exhibit J** from displaying in search results, including, but not limited

to, removing links to the Online Marketplace Accounts from any search index.

3.      Entry of an Order that, upon Plaintiffs' request, Defendants and any financial

institutions, payment processors, banks, escrow services, money transmitters, or marketplace

platforms, and their related companies and affiliates, identify and restrain all funds, up to and

including the total amount of judgment, in all financial accounts and/or sub-accounts used in

connection with the Subject Domain Names and Seller IDs or other domain names, websites, alias seller identification names and/or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiffs in partial satisfaction of the monetary judgment entered herein.

4.      As a direct and proximate result of Defendants' infringement of the Rainbow Friends Copyrighted Materials, Plaintiffs are entitled to damages as well as Defendants' profits, pursuant to 17 U.S.C. § 504(b);

5.      Alternatively, and at Plaintiffs' election prior to any final judgment being entered, Plaintiffs are entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

6.      That Defendants be required to deliver for destruction to Plaintiffs' counsel, at the New York address set forth in the signature block below, all goods in its possession or under its control, including Defendants' Infringing Product, and any promotional and advertising material related thereto, and any other unauthorized items which infringe the Marks.

7.      That Defendants be required to account for and to pay to Plaintiffs all of Defendants' profits and all of Plaintiffs' damages resulting from Defendants' foregoing infringing and unfair activities;

8.      That Plaintiffs recover from Defendants their actual and compensatory damages resulting from Defendants' conduct in an amount to be proved at trial.

9.      That Plaintiffs be awarded such damages, including costs and attorneys' fees, incurred by Plaintiffs as a result of Defendants' knowing and material misrepresentations in each of the Counter-Notifications submitted by Defendants to Amazon.com, pursuant to 17

U.S.C. § 512(f).

10. On the Fourth Claim, Plaintiffs have judgment against Defendants an award of monetary damages, including treble damages, punitive damages, attorneys' fees, costs, and expenses, such other and further relief as the Court may deem just and proper, and entering preliminary and permanent injunctive relief against Defendants, directing Defendants to correct its practices and to comply with anti-deceptive practice statutes nationwide.

11. On the Sixth Claim for restitution against all Defendants consisting of all profits received on account of their violations of Plaintiffs' rights.

12. On the Seventh Claim for the imposition of a constructive trust on all assets ostensibly owned by the Defendants or in the possession, custody or control the Defendants, from their product sales and revenues to the extent attributable to the Infringing Products and therefore attributable to the infringement of Plaintiffs' Marks and rights therein.

13. Plaintiffs are further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a); and

14. Award any and all other relief that this Court deems just and proper.

Dated:      New York, New York
            November 18, 2022


                              HERBSMAN HAFER WEBER & FRISCH,
                              LLP


                   By:        _____
                              Dorothy M. Weber (DMW-4734)
                              494 Eighth Avenue, Suite 600
                              New York, NY 10001
                              (212) 245-4580
                              dorothy@musiclaw.com
                              *Attorneys for Plaintiffs*